UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CHARLOTTE IRENE FUSSELMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 2:19-CV-112-TAV-MCLC |
| | ) |
| HAMBLEN COUNTY SHERIFF'S | ) |
| DEPARTMENT and | ) |
| DAVID STAPLETON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED** and Plaintiff will have fifteen days from the date of entry of this order to file an amended complaint.

### I. FILING FEE

As it appears from the motion for leave to proceed *in forma pauperis* [Doc. 1] that Plaintiff lacks sufficient funds to pay the filing fee, this motion will be **GRANTED**. As Plaintiff is not incarcerated, she will not be assessed the filing fee.

### II. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A);

*Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

## III. ALLEGATIONS OF THE COMPLAINT

The substance of Plaintiff's complaint states as follows: "Was arrest[ed] without just cause and was not read my rights. Officer just showed up at my house [and] said I was under arrest . . . was not told [I] was under arrest for theft – then was dismissed by grand jury" [Doc. 2 p. 2].

## IV. LEGAL ANALYSIS

First, Hamblen County Sheriff's Office is not an entity subject to suit under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that a county police department was not an entity which may be sued). Further, even if the Court liberally construes Plaintiff's allegations as against Hamblen County, Plaintiff has set forth no facts from which the Court can plausibly infer that her arrest was due to a custom or policy of Hamblen County as required to state a claim upon which relief may be granted under § 1983 against this municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a governmental entity can only be liable where its official policy causes the constitutional rights violation). As such, Hamblen County Sheriff's Office will be **DISMISSED**.

Further, while Plaintiff has named David Stapleton as a Defendant and alleged that her arrest lacked probable cause, she has not set forth any facts that allow the Court to plausibly infer that Defendant Stapleton was responsible for her arrest despite the lack of probable cause such that he could be liable under § 1983. *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005); *Frazier v. Michigan,* 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983).

Thus, Plaintiff's complaint fails to state a claim upon which relief may be granted as filed. Nevertheless, the Court will allow Plaintiff fifteen (15) days from the date of entry

of this order to file an amended complaint with a short and plain statement of facts setting forth exactly how her constitutional rights were violated and the individual(s) and/or entity(ies) responsible for any such violations.[1]  *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA").

## V. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Defendant Hamblen County Sheriff's Office is **DISMISSED**;

3. The Clerk is **DIRECTED** send Plaintiff a form § 1983 complaint;

4. Plaintiff has fifteen (15) days from the date of entry of this order to file an amended complaint;

5. Plaintiff is **NOTIFIED** that any amended complaint Plaintiff files will completely replace the previous complaint;

6. Plaintiff is also **NOTIFIED** that if she fails to timely comply with this order, this action will be dismissed for failure to prosecute and to follow the orders of this Court; and

7. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action

---

[1] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to Plaintiff's original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in his original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**ENTER**:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE